IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CYNTHIA JOAN DOSS, | ) |
|                Plaintiff, | ) |
| v. | )   No. 4:25-CV-00408-WJE |
| SOCIAL SECURITY ADMINISTRATION, | ) |
|                Defendant. | ) |

**ORDER**

Plaintiff Cynthia Joan Doss seeks judicial review[1] of a final administrative decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-434, and supplemental security income ("SSI") under Title XVI of the SSA, 42 U.S.C. §§ 1382–1385. For the reasons that follow, the Court reverses and remands the decision of the Commissioner for further consideration and development of the record.

**I. Background**

Ms. Doss protectively filed a claim for DIB and SSI on January 20, 2022. (AR 22, 204-214). She alleged a disability onset date of January 9, 2019, due to bipolar disorder, major depressive disorder, post-traumatic stress disorder, and foot problems. (*Id.* 22, 228). Ms. Doss was insured and eligible for benefits under Title II through December 31, 2023. (*Id.* 23). Her claims were considered concurrently and were initially denied on June 29, 2022, and upon reconsideration

---

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

on June 14, 2023. (*Id.* 22, 122-131). She filed a written request for a hearing which was held on November 28, 2023. (*Id.* 22, 43-74).

On March 28, 2024, the ALJ denied Ms. Doss' claims. (*Id.* 19-42). The ALJ determined that although Ms. Doss had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 26-29). The ALJ also determined that Ms. Doss had an RFC to perform less than a full range of medium work, with limitations including:

> understand, recall, and carry out instructions and procedures requiring brief learning periods. She can concentrate and persist at familiar tasks requiring some independent judgement and involving minimal variations. She can interact as needed with supervisors and peers sufficiently for task completion with limited interpersonal demands and involving no significant interaction with the public on more than an occasional basis. She can interact occasionally with coworkers. She can adapt adequately to changes to [the] work environment.

(*Id.* 29). During the hearing on November 28, 2023, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with Ms. Doss' age, education, and past work experience, along with the RFC identified above, would be capable of working. (*Id.* 67-68). The VE testified that such an individual could perform work as a kitchen helper, linen room attendant, or dining room attendant. (*Id.* 68).

Following the ALJ's decision, Ms. Doss filed an appeal with the Appeals Council. (*Id.* 15-18). The Appeals Council denied her request for review, leaving the ALJ's decision as the final decision of the Commissioner. (*Id.* 9-14). Because Ms. Doss has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g) and 1383(c).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) and 1382c(a) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled

and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

> (1) whether the claimant is presently engaged in a substantial gainful activity;
> (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
> (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
> (4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
> (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091–92 (8th Cir. 2012).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.*; *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must find deficiencies that significantly undermine the ALJ's determination in order to reverse and remand. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Significant inaccuracies or incomplete analyses in the ALJ's opinion may, however, serve as a basis for reversal. *Draper*, 425 F.3d at 1130 ("While a deficiency in opinion-writing is not a sufficient reason to set aside an

ALJ's finding where the deficiency [has] no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand."). Further, "remand is appropriate where the ALJ's factual findings, considered in light of the record as a whole, are insufficient to permit [a court] to conclude that substantial evidence supports the Commissioner's decision." *Scott ex rel. Scott v. Astrue*, 529 F.3d 818, 822 (8th Cir. 2008).

## IV. Discussion

In her appeal, Ms. Doss raises a single issue for the Court's review. She argues that the mental RFC is not supported by substantial evidence, as it conflicts with medical evidence regarding her ability to function in a workplace setting. (Doc. 8 at 13). Specifically, she contends that the ALJ's finding that she can perform full-time competitive work lack evidentiary support. (*Id.* at 10-22). The Commissioner maintains that substantial evidence supports the ALJ's mental RFC assessment. (Doc. 13 at 4-10). Upon review, the Court finds that the mental RFC is not supported by substantial evidence and therefore reverses the ALJ's decision, remanding for further consideration and development of the record.

The RFC is "the most [a claimant] can still do despite his or her physical or mental limitations." *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004) (quotations omitted). "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations." *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). "The RFC must (1) give 'appropriate consideration to all of [the claimant's] impairments,' and (2) be based on competent medical evidence establishing the 'physical and mental activity that the claimant can perform in a work setting.'"

*Partee v. Astrue*, 638 F.3d 860, 865 (8th Cir. 2011) (quoting *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996)). "The RFC 'must be supported by some medical evidence' but does not need to 'be supported by a specific medical opinion.'" *Hendrix v. Kijakazi*, No. 21-00004-CV-W-WBG, 2022 WL 4534962, at *2 (W.D. Mo. Sept. 28, 2022) (quoting *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016)).

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." *Wagner v. Astrue*, 499 F.3d 842, 848 (8th Cir. 2007) (citing *Pearsall*, 274 F.3d at 1219). "[Social Security Ruling 96-8p] requires the ALJ to explain how any material inconsistencies or ambiguities in the evidence were considered and resolved; [i]f the RFC conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted." *Masden v. Saul*, No. 4:20-CV-00267-MDH, 2021 WL 3172934, at *2 (W.D. Mo. July 27, 2021) (citing SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). In the written decision, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion." *Spiers v. Colvin*, No. 5:23-CV-06116-SJ-JAM-SSA, 2024 WL 5245089, at *3 (W.D. Mo. Dec. 30, 2024) (citing SSR 96-8p). Failure to do so is not harmless if the Court "'cannot determine whether the ALJ would have reached the same decision denying benefits, even if [s]he had followed the proper procedure.'" *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (quoting *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003)).

In this case, the ALJ committed reversible error in three ways. First, the ALJ failed to explain the discrepancy between an opinion she found persuasive and the RFC. The ALJ found the opinion of Linda Skolnik, PsyD, persuasive. (AR 34). However, the ALJ's mental RFC is not

entirely consistent with Dr. Skolnik's opinion. Dr. Skolnik opined that Ms. Doss suffered from "severe" mental impairments. (*Id.* 112). Based on her review of the record, Dr. Skolnick identified four functional abilities and limitations for Ms. Doss:

> (1) Understand, recall, and carry out simple instructions and procedures after brief learning periods; (2) Concentrate and persist at familiar tasks requiring some independent judgment and involving minimal variations; (3) Interact as needed with supervisors and peers sufficiently for task completion with limited interpersonal demands and involving no significant interaction with the public on more than an occasional basis; (4) Adapt adequately to situational conditions and changes with reasonable support and structure.

(*Id.* 118-119).

The ALJ adopted the first three findings noted in the RFC verbatim. (*Id.* 29). However, instead of adopting the fourth limitation, the ALJ concluded that Ms. Doss "can adapt adequately to changes to [the] work environment." (*Id.*). The ALJ does not explain how she reached this conclusion. The ALJ does not explain why she deviated from Dr. Skolnick's opinion that Ms. Doss was able to "adapt adequately to situational conditions and changes with reasonable support and structure" in the RFC analysis. An ALJ commits reversible error when she deviates from a medical opinion without explanation and fails to explain material inconsistencies in the record. *See Stafford v. Kijakazi*, No. 4:20-CV-1011-NKL, 2022 WL 358061, at *3 (W.D. Mo. Feb. 7, 2022) (remanding case when the ALJ found a medical opinion "generally persuasive" but did not explain why he did not adopt its limitations); *Alhilfy v. Saul*, No. 4:20-CV-00235-NKL, 2021 WL 462122, at *4 (W.D. Mo. Feb. 9, 2021) (same). The Court cannot determine whether the RFC correctly incorporated all of Ms. Doss' limitations, and therefore finds remand is necessary. *See Masden*, 2021 WL 3172934, at *2 (remanding where the ALJ found a doctor's opinions persuasive but failed to explain why pertinent limitations were not included in the RFC); *Neeley v. Berryhill*, No. 4:16-CV-00883-DGK, 2017 WL 4074614 (W.D. Mo. Sept. 14, 2017) (remanding where ALJ failed to include or discredit limitations opined by persuasive doctor).

On remand, the ALJ should explain how any material inconsistencies or ambiguities with Dr. Skolnick's opinions and the RFC were considered and resolved. *See, e.g.*, *McCadney v. Astrue*, 519 F.3d 764, 767 (8th Cir. 2008) (remanding for clarification when the ALJ failed to explain why the RFC deviated from a medical opinion); *Clevenger v. Colvin*, No. 15-CV-6087-SJ-DGK-SSA, 2016 WL 3911982, at *2 (W.D. Mo. July 15, 2016) (remanding where, "[d]espite finding that Plaintiff's social functioning was moderately impaired and noting that those deficiencies support restrictions, the ALJ's mental RFC formulation has no restrictions on social interactions"); *Ollila v. Colvin*, No. 13-3345-CV-S-DGK-SSA, 2014 WL 7238128, at *3 (W.D. Mo. Dec. 17, 2014) (finding remand necessary where, despite assigning significant weight to physician's opinion that Plaintiff had mild restrictions, "the ALJ included no mental limitations in the RFC or the hypothetical posed to the VE").

Second, as to the opinion of state agency psychological consultant Margaret Sullivan, PhD, the ALJ applied an improper standard in formulating the RFC. The ALJ found persuasive "Dr. Sullivan's findings that are consistent with the undersigned's residual functional capacity assessment" such as Dr. Sullivan's finding that Ms. Doss has severe mental impairments and moderate "paragraph B" limitations. (AR 33). However, the ALJ found "unpersuasive Dr. Sullivan's finding[s] that are inconsistent with the undersigned's residual functional capacity assessment," such as Dr. Sullivan's finding that Ms. Doss' "alcohol addiction is material to this finding of disability." (*Id.*).

The RFC must be derived from the medical evidence, not used as a benchmark for determining which evidence is persuasive. *Viessman v. Saul*, No. 4:19-CV-04063-VLD, 2020 WL 133431, at *17 (D.S.D. Jan. 13, 2020) ("The ALJ should first evaluate which expert medical opinions are best supported by the record as a whole, *then* formulate the RFC, not formulate the

RFC and then adopt the medical opinions that are consistent [with] the ALJ's pre-conceived version of the RFC.") (emphasis in the original). When an ALJ evaluates medical opinions through the lens of an already-formulated RFC, the resulting analysis is insufficient. *See* SSR 96-8p ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion . . . .").

In this case, the ALJ reversed the required order of analysis when evaluating Dr. Sullivan's opinion. The decision shows that she first formulated the RFC and then selectively adopted portions of Dr. Sullivan's medical opinions that aligned with it. *See Viessman*, 2020 WL 133431, at *17. The ALJ is required to assess the medical opinions independently and prior to formulating the RFC. Because the ALJ evaluated Dr. Sullivan's opinion to align with a predetermined RFC, remand is warranted. *See also Brindisi ex rel. Brindisi v. Barnhart*, 315 F.3d 783, 788 (7th Cir. 2003) (remanding where an ALJ failed to evaluate credibility of medical opinions before formulating the RFC).

Finally, the ALJ mischaracterized the evidence of Ms. Doss' daily activities, concluding that many of her routine tasks were consistent with the demands of competitive, full-time employment. (AR 32). The ALJ concluded that Ms. Doss can perform a wide variety of activities of daily living including "live with others, manage her personal care, prepare meals, clean, wash dishes, fold laundry, go outside, garden, leave the house alone, walk, ride in a car, shop, pay bills, count change, handle a savings account, use a checkbook, read, write, watch television, spend time with others, use a computer, and talk on the telephone." (*Id.*). The record, however, does not support this conclusion. Ms. Doss testified that she cannot clean, shop, garden, or use a computer. (*Id.* 64). When asked about cleaning, Ms. Doss testified that she tries "to keep the rats and roaches out" but is incapable of doing much more. (*Id.* 64). She cannot shop independently and requires

the assistance of her daughter or a case manager to do so. (*Id.* 59, 476). She has not tended to her home's garden in over a year. (*Id.*). Ms. Doss testified that she does not own a computer or have Wi-Fi, has difficulty using technology, and that her only online activity is limited to accessing Facebook on her phone. (*Id.* 60, 64).

The record indicates that Ms. Doss' primary and most consistent activity is attending group therapy sessions. She testified that she participates in these sessions two to three times per week and depends on a case manager for transportation to and from the meetings. (*Id.* 59, 63). Indeed, Ms. Doss has attended 119 group therapy meetings between 2021 and 2023. (Doc. 8 at 22). The record is replete with notations from each time she attended a group therapy meeting. (*See, e.g.*, AR 389-90, 392, 439, 445, 455, 457, 465, 955, 971, 974, 977, 980, 989, 1064, 1057, 1216, 1227, 1231, 1514, 1566). To attend those sessions and perform other activities of daily living, Ms. Doss received personal assistance from case management professionals on 222 occasions from 2021 to 2023. (Doc. 8 at 20). This is reflected throughout the record. (*See, e.g.*, AR 388, 463-465, 467, 913, 916, 919-920, 1090, 1367, 1371, 1562).

A claimant's "ability to carry out daily activities must be assessed in light of the record-supported limitations on [their] ability to perform real-world work." *Reed v. Barnhart*, 399 F.3d 917, 924 (8th Cir. 2005). The Eighth Circuit "has repeatedly stated that a person's ability to engage in personal activities such as cooking, cleaning or a hobby does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." *Wagner*, 499 F.3d at 851 (citing *Singh v. Apfel*, 222 F.3d 448, 453 (8th Cir. 2000)). "In evaluating a claimant's RFC, consideration should be given to the quality of the daily activities and the ability to sustain activities . . . and the frequency, appropriateness, and independence of the activities must also be considered." *Wagner*, 499 F.3d at 851 (quoting *Leckenby v. Astrue*, 487 F.3d 626, 634 (8th Cir.

2007)).

The ALJ's conclusion that Ms. Doss can clean, shop, garden, and use a computer is inconsistent with the evidence of record, and she does not explain how she arrived at that conclusion. The RFC fails to consider Ms. Doss' "ability to sustain" her reported activities "over a period of time" and "the frequency, appropriateness, and independence of the activities." *See Wagner*, 499 F.3d at 851. The ALJ observed that Ms. Doss is able to shop, but the decision fails to acknowledge that she requires assistance when she goes grocery shopping. (AR 32). The ALJ also stated that Ms. Doss gardens, yet Ms. Doss testified that her husband maintained the lawn and that she had not worked in the garden for over a year. (*Id.* 64). The ALJ noted that Ms. Doss can use a computer but failed to address her contrary testimony or the fact that she neither owns a computer nor has access to Wi-Fi. (*Id.*). Although Ms. Doss may be capable of performing certain daily activities, the ALJ did not adequately consider the evidence in the record regarding her limitations. An ALJ is free to disbelieve a claimant's testimony but must make an express credibility determination detailing her reasons for discrediting the testimony. *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012). The ALJ did not make an express credibility determination about Ms. Doss' testimony, nor did she explain why she did not take portions of her testimony into account. On remand, the ALJ should address the credibility of Ms. Doss' testimony and consider the quality, frequency, and independence of Ms. Doss' activities of daily living. *See Reed*, 399 F.3d at 924 (remanding for the ALJ to assess a claimant's daily activities in light of the record-supported limitations).

The errors in the ALJ's RFC analysis are significant. The ALJ discredited Ms. Doss' statements about her symptoms, in part, because of factually inaccurate interpretations of her testimony. *See Fazio v. Colvin*, No. 4:15 CV 807 ACL, 2016 WL 5405623, at *11 (E.D. Mo. Sept.

28, 2016) (remanding where ALJ's decision inaccurately characterized a case manager's testimony about claimant's need for assistance to shop for groceries); *Ross v. Astrue*, No. 4:06-CV-1525 (CEJ), 2008 WL 796431, *7-8 (E.D. Mo. Mar. 24, 2008) (finding error where the ALJ mischaracterized the record). The ALJ deviated from medical opinions without explanation and failed to explain material inconsistences in the record. This is reversible error. *McCadney*, 519 F.3d at 767; *Stafford*, 2022 WL 358061, at *3; *Holdeman*, 2021 WL 6062368, at *8; *Alhilfy*, 2021 WL 462122, at *4. For these reasons, the ALJ's RFC determination is not supported by substantial evidence on the record as a whole.

The inaccuracies and omissions in this case cannot be categorized as a harmless deficiency in opinion-writing. *See Draper*, 425 F.3d at 1130 ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand."). The ALJ posed a hypothetical question to the VE based upon the faulty determination of Ms. Doss' RFC. Because the hypothetical rested on that faulty RFC, the VE's response cannot constitute substantial evidence that Ms. Doss is able to engage in substantial gainful employment. *See Gann v. Berryhill*, 864 F.3d 947, 952 (8th Cir. 2017) (internal citations omitted) ("[T]estimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question."). Thus, remand is necessary to provide an RFC assessment based on proper evaluation of the evidence and for reconsideration of whether Ms. Doss is disabled.

## V. Conclusion

For the reasons set forth herein, the Court finds the Commissioner's determination that Ms. Doss is not disabled is not supported by substantial evidence in the record. The decision is reversed

and remanded for further consideration and development of the record.[2] Judgment shall be entered in accordance with this Order. Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and remanded for further consideration and development of the record, as set forth herein.

Dated this 18th day of February, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge

---

[2] If the Commissioner's decision is reversed, the case should ordinarily be remanded for further proceedings "out of our abundant deference to the ALJ." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quotation omitted). An immediate finding of disability is warranted only "if the record overwhelmingly supports such a finding." *Id.* (citation and quotation omitted).